UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WAYNE H. NORMAN, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-4294-B |
| | § | |
| KATHERINE J. LYONS and JONES DAY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss (doc. 21). For the reasons that follow, the Motion is **GRANTED.**

## I.

## BACKGROUND[1]

Plaintiff Wayne H. Norman filed this Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, case *pro se* against Defendants Jones Day and Katherine J. Lyons, an attorney at Jones Day, alleging that Defendants obtained his credit file from non-party Experian Solutions, Inc. ("Experian") in violation of federal law. Also pending before this Court is a closely related lawsuit, *Norman v. Experian Information Solutions, Inc.*,[2] in which Norman has sued Experian for violating §

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Complaint (doc. 1). *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true.").

[2] *Norman v. Experian Information Solutions, Inc.*, Civil Action No. 3:12-cv-128-B (N.D. Tex).

1681b of the FCRA. In the related action, Norman moved to disqualify Lyons and Jones Day from representing Experian on the basis that Lyons and Jones Day had impermissibly obtained Norman's credit report in the course of defending Experian. The Court denied Norman's motion to disqualify, stating that § 1681b applies only to transactions between a consumer reporting agency and third parties. *Norman v. Experian Information Solutions, Inc.*, Civil Action No. 3:12-cv-128-B, Order Denying Mot. Disqualify Counsel, July 12, 2012, doc. 44 (citing *Wilson v. C & R Distrib., Inc.*, No. EP-01-CA-0091-DB, 2002 WL 1492212, at *2 (W.D. Tex. Apr. 12, 2002)). This Court concluded that the FCRA "does not prevent a defendant from merely sharing such information with its attorneys in defense of litigation." *Id.* Undeterred, Norman filed the present action in the Fort Worth Division of the United States District Court for the Northern District of Texas, which was subsequently transferred to this Court. In the present action, Norman alleges that Lyons and Jones Day violated 15 U.S.C. § 1681b by obtaining his consumer credit file without a permissible purpose. Defendants filed a Motion to Dismiss (doc. 21) Norman's Complaint on the ground that § 1681b does not bar a credit reporting agency from defending itself by sharing a contested credit report with its own lawyers.

Norman responded (doc. 22) to Defendants' motion to dismiss and Defendants replied (doc. 23). Norman then filed a sur-reply (doc. 24), without leave of Court, and Defendants subsequently moved to strike Norman's sur-reply (doc. 26). Norman then filed a motion for leave to file his sur-reply (doc. 27) and a motion to amend his Original Complaint (doc. 28), which Defendants oppose (doc. 29). The Court will consider Norman's sur-reply and formally address each of the outstanding motions separately.

The motion to dismiss (doc. 21) has been fully briefed and is ripe for decision.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. P. 8(a)(2)).

# III.

# ANALYSIS

The purpose of the Fair Credit Reporting Act ("FCRA") is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C § 1681(b). "The [FCRA] imposes civil liability on any 'person' (which includes any corporation or other entity, 15 U.S.C. § 1681a(b)) who willfully, § 1681n, or negligently, § 1681o, fails to 'comply with any requirement imposed' under the Act." *Ausherman v. Bank of America Corp*, 352 F.3d 896, 899 (4th Cir. 2003) (quoting 15 U.S.C. §§ 1681n, 1681o).

Section 1681b(a) of the FCRA outlines the exclusive circumstances under which a consumer reporting agency may furnish a consumer report. 15 U.S.C. § 1681b(a). To properly assert a violation of § 1681b(a), a plaintiff must allege (1) that there was a "consumer report"; (2) that defendant used or obtained the report; (3) without a permissible purpose; and (4) that defendant acted negligently or willfully. 15 U.S.C. §§ 1681b(a); *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).

The Court need not evaluate Norman's pleadings under each element of a § 1681b(a) action because it is clear that Norman cannot establish the existence of a "consumer report" in the first instance.

The FCRA definition of "consumer report" and "credit reporting agency" are set forth in § 1681a. A "consumer report" is "communication of any information by a consumer reporting agency bearing on a consumer[] . . . which is used or expected to be used or collected . . . for the purpose

of serving as a factor in establishing the consumer's eligibility for" credit, employment, or another permissible purpose. 15 U.S.C. § 1681a(d)(1). A "consumer reporting agency" ("CRA") is any person which engages in the "practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f).

Although not explicit in these statutory definitions, numerous courts have concluded that when read in tandem, a "consumer report" means a report disclosed to a third party. *See, e.g., Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) ("There cannot be a consumer report without disclosure to a third party."); *Scharpf v. AIG Mktg., Inc.*, 242 F. Supp. 2d 455, 458 (W.D. Ky. 2003) ("the FCRA now lists six limited 'permissible purposes' for which a consumer reporting agency can provide a consumer report to third parties."); *Renniger v. Chexsystems*, No. 98-669, 1998 WL 295497, at *5 (N.D. Ill. May 22, 1998) (the definition of consumer report expressly "contemplates that the information will be *used* to determine a consumer's eligibility for legitimate credit or employment purposes, a requirement which seemingly mandates that the information be provided to a third-party user." (emphasis in original)). Accordingly, one cannot prove the existence of a "consumer report" unless the report was furnished to a third party.

Defendants do not dispute that they obtained Norman's credit report, but instead contend that Norman has failed to allege that said credit report qualifies as a "consumer report" because it was not furnished to a third party. It is well settled that, as a corporation, Experian Information Solutions, Inc. was required to hire counsel to represent itself when Norman sued Experian in the related case. *See Otto Candies, Inc. v. Houston Seapacking Co., Inc.*, 213 F.3d 639 (5th Cir. 2000) (per

curiam). A party's counsel "is the legal agent of the client." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). Thus, when the FCRA refers to "third parties," that term does not include counsel hired to represent the consumer reporting agency. *Hartman v. Lisle Park Dist.*, 158 F. Supp. 2d 869, 876-77 (N.D. Ill. 2001). Under Norman's reading of the FCRA, a credit reporting agency sued over inaccurate information in a credit report would not be allowed to provide the disputed credit report to its own attorneys without violating the FCRA. The Court has found no support for Norman's interpretation of the FCRA.

In order for Norman's Complaint to survive the motion to dismiss, he must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Because Norman has failed to establish the first element of a cause of action under § 1681b, namely, that the report Defendants received was a "consumer report" within the meaning of the FCRA, Norman's Complaint cannot survive Defendants' Motion.

## IV.

## CONCLUSION

A district court generally should not dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) "without giving the plaintiff an opportunity to amend." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). But under the present circumstances, even the most liberal reading of Plaintiff's allegations cannot give rise to a cause of action against Defendants under the FCRA. Thus, leave to amend would be futile. *Id.*; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("Such a futile request to replead should be denied."). Therefore, for the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED with prejudice**.

**SO ORDERED.**

SIGNED: February 22, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE